IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01196-BNB

MALCOLM M. RUNNEL,

      Plaintiff,

v.

LOU ARCHULLETA, Warden,
TIMOTHY SMELSER, and
LARRY REED, Warden,[1]

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Malcolm M. Runnell, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Centennial Correctional Facility in

Cañon City, Colorado.  On May 29, 2007, Plaintiff submitted to the Court a partial

Prisoner Complaint form.  The Court, on June 7, 2007, directed Plaintiff to file a

complete Prisoner Complaint form.  Plaintiff filed a complete form on June 25, 2007.

Nonetheless, on the form submitted to the Court on June 25, 2007, the parties listed on

the caption page do not match the parties listed in "Section A. Parties" of the form, and

Plaintiff's handwriting is illegible.  On June 26, 2007, the Court instructed Plaintiff again

to complete the Prisoner Complaint form and to **state clearly** the names of the

---

[1] The Court has listed three defendants in the caption of the Complaint.  Plaintiff may
have named additional parties in the caption, but the Court is not able to decipher Plaintiff's
illegible handwriting.

defendants in both the caption and in Section A.  On July 12, 2007, Mr. Runnel submitted to the Court the caption page and Section "A. Parties" of the Prisoner Complaint form. Again, however, Plaintiff's handwriting is illegible, and the Court is not able to determine all of the named defendants in the caption or in Section A.

The Court must construe the Complaint liberally because Mr. Runnel is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Runnel will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

2

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Runnel's allegations are impossible to understand because his handwriting is illegible. It is not the Court's job to undertake the laborious task of deciphering Mr. Runnel's handwriting in order to determine the claims he asserts. It is Mr. Runnel's responsibility to edit and organize his claims and supporting allegations into a manageable format and to present those claims in clear, intelligible handwriting. Neither the defendants nor the Court is required to do this work for him.

Mr. Runnel's claims are deficient and subject to dismissal. Although the Complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Runnel should be given an opportunity to file an Amended Complaint that clarifies the claims for relief he is asserting. Each claim must be supported with specific factual allegations, stated simply and concisely and in neat, legible handwriting, that

3

demonstrate how the particular defendant or defendants violated Mr. Runnel's rights. He will be directed to do so below.  Accordingly, it is

ORDERED that Mr. Runnel file, **within thirty days from the date of this Order**, an original and a copy of an Amended Complaint that complies with the particulars of the Order.  It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Runnel, together with a copy of this Order, two copies of the Prisoner Complaint form.  It is

FURTHER ORDERED that Mr. Runnel submit sufficient copies of the Amended Complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Runnel fails to file, **within thirty  days from the date of this Order**, an original and sufficient copies of an Amended Complaint that comply with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED August 2, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01389-BNB

Malcolm M. Runnel
Doc# 59529
Centennial Corr. Facility
PO Box 600
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _____8/2/07_____

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk